Submitted April 2, affirmed April 22, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

STEVEN ELLIOTT MAXON,
*Defendant-Appellant.*

Clackamas County Circuit Court
18CR02036; A169207

465 P3d 304

Ulanda L. Watkins, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kyle Krohn, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Daniel Norris, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Powers, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Defendant was convicted after a bench trial on three counts of menacing. ORS 163.190. He argues on appeal that the trial court erred in denying his motion for judgment of acquittal on one of the counts and in refusing to allow defense counsel to question a defense witness about whether his testimony was accurate and truthful. We reject without discussion defendant's contention that the court erred in denying his motion for judgment of acquittal. With respect to the evidentiary issue, defendant asserts, and the state acknowledges, that the court erred in excluding the witness's testimony. The state argues, however, that the error was harmless under the circumstances of this case. As explained below, we agree.

As a general matter, a court must not allow a witness to give "vouching" testimony, that is, "one's personal opinion about the credibility of a witness." *State v. Sperou*, 365 Or 121, 128, 442 P3d 581 (2019). The reason for the vouching rule is to ensure that the jury's role in assessing witness credibility "is not usurped by another witness's opinion testimony." *State v. Chandler*, 360 Or 323, 330, 380 P3d 932 (2016). The vouching rule is not implicated, however, when a witness asserts his or her own truthfulness: "[A] witness does not impermissibly 'vouch for' or 'bolster' his or her *own* testimony by proclaiming truthfulness." *State v. Sanchez-Jacobo*, 250 Or App 621, 631, 282 P3d 880 (2012), *rev den*, 353 Or 280 (2013) (emphasis in original).

Here, defendant presented testimony from his roommate that generally supported defendant's version of the events that led to the menacing charges. On redirect, defense counsel asked the witness whether his testimony had been "accurate and truthful," and the trial court *sua sponte* struck the question as "vouching."

That was error. We conclude, however, that the error was harmless. This case is not meaningfully distinguishable from *State v. Partain*, 297 Or App 799, 444 P3d 1136, *rev den*, 365 Or 533 (2019). There, we concluded that a trial court's error in preventing the defendant from answering a question about whether he was lying was harmless,

primarily because "the content of the excluded statement does not differ meaningfully from the assertion implied by the oath that defendant took before testifying." *Id*. at 805. In this case, not only did defendant's roommate take an oath, defense counsel asked the roommate on redirect whether he was "testifying under oath today," and he confirmed that he was. Consistent with *Partain*, we agree with the state that, under those circumstances, the error was harmless.

Affirmed.